UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MAUDO FOFANA, a/k/a Muhammad Fofana,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　Respondent. | Case No.  C06-869-JLR-JPD<br>　　　　　　CR04-511-JLR<br><br><br><br>REPORT AND RECOMMENDATION |

　　Petitioner is a federal prisoner currently serving a two-year term of supervised release at the Northwest Detention Center in Tacoma, Washington, in the custody of United States Immigration and Customs Enforcement (ICE) pursuant to 18 U.S.C. § 3624(e).[1]  Petitioner has filed a motion under 28 U.S.C. § 2255 seeking to vacate, set aside, or correct his 2006 federal court sentence.  Respondent has filed a response opposing petitioner's motion.  After careful consideration of the motion, supporting materials, governing law and the balance of the record, the Court concludes that petitioner's § 2255 motion should be DENIED.

---

[1] On March 27, 2006, the district court entered judgment against petitioner, sentencing him to twelve days confinement, with credit for twelve days served, followed by the two-year term of supervised release.  *See United States v. Fofana*, CR04-511-JLR, Dkt. Nos. 186, 190 (W.D. Wash. 2006).

REPORT AND RECOMMENDATION
PAGE -1

A review of the history of petitioner's underlying criminal case reveals that petitioner's direct appeal of that case is still pending before the United States Court of Appeals for the Ninth Circuit. *See Fofana v. United States*, Case No. 06-30196 (9th Cir.) (filed March 27, 2006). In addition to this direct appeal, it appears that petitioner has two other appeals pending before two different courts: (1) a *pro se* appeal pursuant to 28 U.S.C. § 2241 pending before the Ninth Circuit under the title *Fofana v. Melendez*, Case. No. 06-35622 (9th Cir.) (filed July 25, 2006); and (2) a BIA appeal of the August 3, 2005 decision made by the immigration judge regarding petitioner's removal.

Absent "extraordinary circumstances," a district court should not entertain a petitioner's collateral attack on a conviction while that petitioner also has a direct appeal pending in the Ninth Circuit. *See United States v. LaFromboise*, 427 F.3d 680, 686 (9th Cir. 2005) ("[U]ntil direct appellate review is exhausted the district court may not entertain a motion for habeas relief."); *Feldman v. Henman*, 815 F.2d 1318, 1320 (9th Cir. 1987) (same). To do so would thwart judicial economy. *See United States v. Deeb*, 944 F.2d 545, 548 (9th Cir. 1991); *Feldman*, 815 F.2d at 1320 ("The reason for this rule is that disposition of the appeal may render the [petition] unnecessary.") (internal quotations omitted); *see also* Rules Governing § 2255 Proceedings for the United States District Courts, Rule 5, Adv. Comm. Notes (rule reflects a prudential concern and not a jurisdictional bar). Accordingly, the Court recommends that petitioner's petition be DISMISSED without prejudice. A proposed Order accompanies this Report and Recommendation.

DATED this 22nd day of September, 2006.

/s/ James P. Donohue
_____
JAMES P. DONOHUE
United States Magistrate Judge